

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AMERICAN INCOME LIFE INSURANCE COMPANY and SCOTT SONNENBERG,** | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action Number |
| | | **2:11-cv-04126-JEO** |
| **vs.** | ) ) | |
| **GOOGLE, INC.,** | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This action is before the court on plaintiffs' Motion to Remand the action to the Circuit Court of Jefferson County. (Doc. 4). The matter has been briefed by the parties and is appropriate for resolution at this juncture. Upon consideration, the court finds that the motion is due to be **DENIED**.

## I.  BACKGROUND

Plaintiffs American Income Life Insurance Company and Scott Sonnenberg filed this action against Google, Inc., in the Circuit Court of Jefferson County, Bessemer Division, on September 23, 2011, alleging that certain business practices by Google violate the Alabama Deceptive Trade Practices Act, Alabama Code § 8-19-1 *et seq.* (Doc. 1-1, Complaint, at 6-11). Plaintiffs specifically allege that Google has "knowingly ... [and] intentionally disparaged the goods, services, or business of Plaintiff[s] by false and/or misleading representations of fact prohibited by *Code of Ala.* § 8-19-5(8) and (20)." (Doc. 1-1, Complaint, at 9 ¶ 13). Plaintiffs claim that "[w]hile Plaintiffs['] damages sustained as a result of the violations of the Alabama Deceptive Trade Practices Act exceed millions of dollars, each has affirmatively limited recovery

for same to less than Seventh Five Thousand ($75,000.00), exclusive of interest and costs."

(Doc. 1-1, Complaint, at 10).  Plaintiffs seek three forms of relief:

      A.      Damages in a sum of less than Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

      B.      After commencement by the Attorney General or local District Attorney of an action in the name of the State of Alabama against Defendants, an order restraining by way of permanent injunction, their unlawful acts and practices, as provided by *Code of Ala.*, § 8-19-8(a).

      C.      An order enjoining Defendants from engaging in business in this state, for continuous and willful violations of the provisions of the Alabama Deceptive Trade Practices Act, until such willful violations cease, as provided by *Code of Ala.*, § 8(c).

(Doc. 1-1, Complaint, at 10-11).

Google timely removed the case to this court on December 7, 2011, premised upon diversity jurisdiction, 28 U.S.C. § 1441(a), and plaintiffs now move to remand the action back to the Circuit Court of Jefferson County, Bessemer Division.  (Doc. 4).

## II.  ANALYSIS

An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction.  *See* 28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists for all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.  Because federal courts are courts of limited jurisdiction, the defendant carries the burden of showing the propriety of this court's removal jurisdiction.  *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, 520 U.S. 1162 (1997).  Any ambiguities are to be construed against removal because the removal statute should be strictly construed in favor of remand.  *See Burns*

*v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.").

Here, there is no dispute that this action is between citizens of different states.  Instead, the parties dispute whether the amount in controversy exceeds $75,000.  In light of plaintiffs' election to forego monetary damages in excess of $75,000, the specific dispute is whether Google has sufficiently established that the value of the requested injunctive relief more likely than not exceeds the $75,000 jurisdictional requirement under 28 U.S.C. § 1332.  The law is well-established that the monetary value of injunctive relief may satisfy the requisite amount in controversy requirement if the value is not "too speculative or immeasurable."  *Ericsson GE Mobile Commn'cs., Inc. v. Motorola Commn'cs. & Elecs., Inc.*, 120 F.3d 216, 221-22 (11th Cir. 1997); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1269 (11th Cir. 2000) ("a plaintiff who bases diversity jurisdiction on the value of injunctive relief must show that the benefit to be obtained from the injunction is sufficiently measurable and certain to satisfy the ... amount in controversy requirement") (internal quotation marks and citation omitted).

Google argues that the Complaint provides measurable value to the injunctive relief sought because plaintiffs allege that the "damages sustained as a result of the violations of the Alabama Deceptive Trade Practices Act exceed millions of dollars" and then seek to enjoin those violations.  (Doc. 1-1, Complaint at 10-11) (seeking an "order enjoining Defendants from engaging in business in this state, for continuous and willful violations of the provisions of the Alabama Deceptive Trade Practices Act, until such willful violations cease, as provided by *Code of Ala.*, § 8(c)").  Based on these allegations, the court agrees that the face of the Complaint

3

demonstrates that the injunctive relief sought will be of monetary value to satisfy the amount in controversy.  Stated another way, the requested injunction would order Google to cease its business practices in violation of the Alabama Deceptive Trade Practices Act, which plaintiffs explicitly claim cause them damages in excess of "millions of dollars."  *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) ("the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted") (discussing *Ericsson GE Mobile Commn'cs., Inc.*, 120 F.3d at 218-20).  The Eleventh Circuit's decision in *Lowery v. Alabama Power Co.,* 483 F.3d 1184 (11th Cir. 2007), requires courts to "review the propriety of removal on the basis of the removing documents before the court" and retain jurisdiction "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them."  483 F.3d at 211.  Following this directive, the court retains jurisdiction over this action.

Notably, plaintiffs argue that they did not request injunctive relief on behalf of themselves and that injunctive relief is unavailable to them under the Alabama Deceptive Trade Practices Act.  (Doc. 9 at 8-13).  However, the face of the Complaint clearly seeks injunctive relief on behalf of the plaintiffs, and the court need not look to the merits of the relief sought at this juncture.  (Doc. 1-1, Complaint, at 11 ¶ 15C).  "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."  *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).  Here, plaintiffs have an arguable claim for a private injunction under the Alabama Deceptive Trade Practices Act because, as Google notes, § 8-19-10 is entitled "Private right of action" and subsections (a)(3) and (d) of that section suggest that the Act permits a private plaintiff to obtain

4

injunctive relief. *See also Orkin Exterminating Co. v. Jeter*, 832 So. 2d 25, 40-41 (Ala. 2001)

("The Alabama Deceptive Trade Practices Act, § 8-19-1 *et seq*., Ala. Code 1975, provides a

$2,000 civil penalty for violation of the Act, provides for a private cause of action and damages

in the amount of three times 'actual' damages, and provides for potential conviction of a Class A

misdemeanor.").

Lastly, plaintiffs also appear to argue that the action should be remanded to the state court

based on the *Younger* abstention doctrine because the District Attorney of the Bessemer Division

of Jefferson County has initiated a preliminary investigation into plaintiffs' claims and intends to

seek information from Google.  (Doc. 4 at 3-4; Doc. 9 at 12-13).  *See Younger v. Harris*, 401

U.S. 37 (1971).  This argument is misplaced.  "[A]bstention under the *Younger* doctrine properly

results in a dismissal or stay of the case, not a remand."  *Belair v. Lombardi*, 828 F. Supp. 50, 52

(M.D. Fla. 1993) (citing *Sendlewski v. Town of Southhampton*, 734 F. Supp. 586 (E.D.N.Y.

1990) and *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079 (9th Cir.

1987)); *see also Cotton v. Georgia*, No. 5:07-cv-159, 2007 WL 1810231, *3 (M.D. Ga. 2007)

("the proper procedure is to dismiss [plaintiff's] case pursuant to *Younger* abstention, rather than

to remand the matter to the state court").  A dismissal as opposed to a remand is proper under the

*Younger* doctrine because proper application of the doctrine requires an ongoing proceeding in a

state tribunal.  *See For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1217 (11th

Cir. 2002) (noting that "*Younger* abstention is inappropriate if there is no pending state criminal

prosecution of the plaintiff").  Here, no proceedings against Google are pending in state tribunals

as the District Attorney has stated only his intention to conduct a preliminary investigation into

Google's practices.  Because the removal of this action to federal court "terminated the

jurisdiction of the state court," no "concurrent jurisdiction rested with both the state and federal court" exists and *Younger* abstention is inapplicable.  *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1256 (11th Cir. 1988).  *See also Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) ("Absent any pending proceeding in state tribunals, therefore, application by the lower courts of *Younger* abstention was clearly erroneous.").

### III.   CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Remand (doc. 4) is due to be **DENIED**. An appropriate order will be entered.

**DONE**, this the 23rd day of February, 2012.

*John E. Ott*

**JOHN E. OTT**
United States Magistrate Judge